**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **Unification Technologies LLC,**  *Plaintiff*,  v.  **Dell Technologies, Inc. and Dell, Inc.,**  *Defendants*. | **Civil Action No. 6:20-cv-499**  **Jury Trial Demanded** |

### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Unification Technologies LLC files this Original Complaint for patent infringement against Dell Technologies, Inc. and Dell, Inc., alleging as follows:

### NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### THE PARTIES

2. Plaintiff **Unification Technologies LLC ("UTL")** is a Texas Limited Liability Company with its principal place of business at 6136 Frisco Square Boulevard, Suite 400, Frisco, Texas 75034.

3. Defendant **Dell Technologies, Inc.** is a Delaware corporation with a principal place of business at One Dell Way, Round Rock, Texas 78682. Dell Technologies, Inc. may be served through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

4. Defendant **Dell, Inc.** is a Delaware corporation with a principal place of business at One Dell Way, Round Rock, Texas 78682. Dell, Inc. has additional offices at 1404 Park Center

Dr., Austin, Texas; 701 E. Parmer Lane, Bldg. PS2, Austin, Texas; 9715 Burnet Road, Austin, Texas; and 4309 Emma Browning Avenue, Austin, Texas. Dell, Inc. may be served through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808. Dell, Inc. is wholly-owned by its corporate parent, Dell Technologies, Inc. Dell Technologies, Inc. and Dell, Inc. are referred to collectively in this Complaint as "Dell."

5.  Dell is a multinational information technology company and develops and sells personal computers, memory devices and related supplies. Dell sells its products to customers, including customers in this District, in the computer, networking and storage, consumer electronics, and solid-state drive ("SSD") markets.

6.  Dell maintains an office within this District at One Dell Way, Round Rock, Texas 78682. Dell is registered with the Texas Secretary of State to do business in Texas.

7.  Dell operates and owns the Dell.com website, and markets, offers, distributes, and provides technical support for its SSD products throughout the United States, including in this District.

8.  Dell develops, designs, manufactures, distributes, markets, offers to sell, and/or sells infringing products and services within the United States, including in this District, and otherwise purposefully directs infringing activities to this District in connection with its Round Rock, Texas office; its Dell.com website; and its other places of business in Texas and the rest of the United States.

**JURISDICTION AND VENUE**

9.  This action arises under the patent laws of the United States, 35 U.S.C. § 101, *et seq*. This Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271, *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and § 1338 (jurisdiction over patent actions).

10. This Court has personal jurisdiction over Dell in accordance with due process and/or the Texas Long Arm Statute because, in part, Dell "recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state." TEX. CIV. PRAC. & REM. CODE § 17.042(3).

11. This Court has personal jurisdiction over Dell because Dell has engaged, and continues to engage, in continuous, systematic, and substantial activities within this State, including the substantial marketing and sale of products within this State and this District. Furthermore, upon information and belief, this Court has personal jurisdiction over Dell because Dell has committed acts giving rise to UTL's claims for patent infringement within and directed to this District.

12. For example, Dell is subject to personal jurisdiction in this Court because, *inter alia*, it has regular and established places of business in this District, including offices located at One Dell Way, Round Rock, Texas 78682. The Travis County Central Appraisal District (CAD) website [1] indicates that Dell owns several other offices and properties in Austin including properties at 1404 Park Center Dr., Austin, Texas, 78753; 701 E. Parmer Lane, Bldg. PS2, Austin, Texas, 78758; and 9715 Burnet Road, Austin, Texas.[2]

13. Dell's Austin offices are regular and established places of business at least because these locations include many members of Dell's important teams, including Senior Principal Data Engineers, Senior Principal Software Engineers, and Engineering Technologists.

---

[1] Ex 1, http://propaccess.traviscad.org/clientdb/?cid=1 (last visited June 3, 2020).
[2] Ex 2, http://propaccess.traviscad.org/clientdb/SearchResults.aspx (last visited June 3, 2020) (property records for Dell properties).

14. Dell posts job openings for its Austin office[3], and as of June 3, 2020, Dell was posting approximately forty-nine job openings for its Austin office that were available or recently filled.[4]

15. Dell, directly and through its agents, regularly conducts, solicits, and transacts business in this District and elsewhere in Texas, including through its Dell.com website. For example, Dell employ sales and marketing employees that regularly sell, offer to sell, or otherwise distribute SSD products in this District and elsewhere in Texas.

16. In particular, Dell has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271, and has made, used, marketed, distributed, offered for sale, and sold infringing products in Texas, including in this District, and engaged in infringing conduct within and directed at or from this District. The infringing SSD products have been and continue to be distributed to and used in this District. Dell's acts cause injury to UTL, including injury suffered within this District.

17. Moreover, on information and belief, Dell has previously litigated patent infringement cases before this Court without contesting jurisdiction and venue.[5]

18. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because Dell has committed acts of infringement in this District and have a regular and established place of business in this District.

---

[3] Ex 3, https://jobs.dell.com/search-jobs/Austin%2C%20Texas/375-30225/4/6252001-4736286-4737316-4671654/30x26715/-97x74306/50/2  (last visited June 3, 2020).
[4] *Id*.
[5] *See, e.g., Solas OLED Ltd.. v. Dell Inc*., Case No. 6:19-cv-00514-ADA, W.D. Texas.

## THE PATENTS-IN-SUIT

19. This cause of action asserts infringement of United States Patent Nos. 8,762,658 ("the '658 Patent"); 8,533,406 ("the '406 Patent"); and 9,632,727 ("the '727 Patent") (collectively, the "Patents-in-Suit").

20. The inventions disclosed in the Patents-in-Suit are a valuable contribution to the SSD product industry. In fact, several major SSD market competitors have already taken licenses to the Patents-in-Suit, including Intel Corp., Google, LLC, Samsung Electronics America, Inc., SK Hynix, Inc., Western Digital, Inc., Toshiba America, Inc. and e.Digital Corp.

21. The '658 Patent, entitled "Systems and Methods For Persistent Deallocation," duly and legally issued on June 24, 2014, from U.S. Patent Application No. 13/566,471, filed on August 3, 2012, naming David Flynn, Jonathan Thatcher, and Michael Zappe as the inventors. A true and correct copy of the '658 Patent is attached hereto as **Exhibit 4** and is incorporated by reference.

22. The '658 Patent is a continuation of U.S. Patent No. 8,261,005.

23. The '658 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

24. Plaintiff UTL is the owner and assignee of all rights, title, and interest in and under the '658 Patent.

25. Assignments of the '658 Patent reflective of its chain-of-title are recorded at the USPTO at Reel 028800, Frame 0340; Reel 028802 Frame 0131; Reel 033389 Frame 0511; Reel 033419 Frame 0748; Reel 033410 Frame 0158; Reel 038362 Frame 0604; Reel 038362 Frame 0575; Reel 038748 Frame 0880; Reel 047702 Frame 0413; Reel 048918 Frame 0035; Reel 052095 Frame 0903; and Reel 052096 Frame 0225.

26. UTL has standing to sue for infringement of the '658 Patent.

27. The '406 Patent, entitled "Apparatus, System, and Method For Identifying Data That Is No Longer In Use," duly and legally issued on September 10, 2013, from U.S. Patent Application No. 13/607,486, filed on September 7, 2012, naming David Flynn, Jonathan Thatcher, and Michael Zappe as the inventors. A true and correct copy of the '406 Patent is attached hereto as **Exhibit 5** and is incorporated by reference.

28. The '406 Patent is a continuation of the '658 Patent.

29. The '406 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

30. Plaintiff UTL is the owner and assignee of all rights, title, and interest in and under the '406 Patent.

31. Assignments of the '406 Patent reflective of its chain-of-title are recorded at the USPTO at Reel 029015, Frame 0181; Reel 029033 Frame 0133; Reel 033389 Frame 0511; Reel 033419 Frame 0748; Reel 033410 Frame 0158; Reel 038362 Frame 0604; Reel 038362 Frame 0575; Reel 038748 Frame 0880; Reel 047702 Frame 0413; Reel 048918 Frame 0035; Reel 052095 Frame 0903; and Reel 052096 Frame 0225.

32. UTL has standing to sue for infringement of the '406 Patent.

33. The '727 Patent, entitled "Systems and Methods For Identifying Storage Resources That Are Not In Use," duly and legally issued on April 25, 2017, from U.S. Patent Application No. 14/309,751, filed on June 19, 2014, naming David Flynn, Jonathan Thatcher, and Michael Zappe as the inventors. A true and correct copy of the '727 Patent is attached hereto as **Exhibit 6** and is incorporated by reference.

34. The '727 Patent is a continuation of the '658 Patent.

35. The '727 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

36. Plaintiff UTL is the owner and assignee of all rights, title, and interest in and under the '727 Patent.

37. Assignments of the '727 Patent reflective of its chain-of-title are recorded at the USPTO at Reel 033389 Frame 0511; Reel 033419 Frame 0748; Reel 033410 Frame 0158; Reel 038362 Frame 0604; Reel 038362 Frame 0575; Reel 038748 Frame 0880; Reel 047702 Frame 0413; Reel 048918 Frame 0035; Reel 052095 Frame 0903; and Reel 052096 Frame 0225.

38. UTL has standing to sue for infringement of the '727 Patent.

39. Dell has not obtained a license to any of the Patents-in-Suit.

40. Dell does not have UTL's permission to make, use, sell, offer to sell, or import products that are covered by one or more claims of any of the Patents-in-Suit.

41. Dell requires a license to the Patents-in-Suit and otherwise needs to cease its ongoing infringement of UTL's patent rights.

## GENERAL ALLEGATIONS

42. Upon information and belief, Dell makes, uses, sells, offers to sell, and/or imports into the United States many types of SSD products as claimed in each of the Patents-in-Suit, including without limitation the Dell 960GB SAS Read Intensive 12 Gbps 512e 2.5in. PM5-R Series SSD (hereinafter, the "Dell SAS PM5-R Series SSD").

43. Dell has infringed and continues to infringe (literally and/or under the doctrine of equivalents), directly, indirectly, and/or through subsidiaries, agents, representatives, or intermediaries, one or more claims of each of the Patents-in-Suit by making, using, importing, testing, supplying, causing to be supplied, selling, and/or offering for sale in the United States Dell's SSD products.

44. Dell has knowledge of the Patents-in-Suit at least as of the filing of this lawsuit.

45. Further discovery may reveal earlier knowledge of one or more of the Patents-in-Suit, which would provide additional evidence of Dell's specific intent and/or willful blindness with respect to infringement.

46. UTL has been and continues to be damaged because of Dell's infringing conduct. Dell is therefore liable to UTL in an amount that adequately compensates UTL for Dell's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

47. Dell markets and sells other products that are not covered by the claims of the Patents-in-Suit but that are sold with or in conjunction with its SSD products. Accordingly, UTL is entitled to collect damages from Dell for convoyed sales of certain non-patented items.

48. Dell has failed to obtain permission from UTL to make, use, sell, offer to sell, or import products incorporating the inventions claimed in the Patents-in-Suit.

49. Attached to this Complaint are **Exhibits 7-9**, which are sample claim charts that are incorporated herein by reference.

50. For each count of infringement listed below, UTL incorporates and re-states the allegations contained in the preceding paragraphs above including these General Allegations as if fully set forth in each count of infringement.

### COUNT I – INFRINGEMENT OF THE '658 PATENT

51. UTL incorporates herein the allegations made in paragraphs 1–50.

52. Dell has been and is now directly infringing the '658 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States products that are covered by at least Claim 1 of the '658 Patent.

53. Dell makes, has made, uses, sells, offers to sell, and/or imports Dell SSD products that contain a non-volatile storage medium such as NAND flash memory, a flash translation layer, as well as circuitry and associated software that stores data in response to receiving certain commands such as the UNMAP command such that data is stored in response to said command indicating that certain data has been erased. These products infringe at least Claim 1 of the '658 Patent.

54. For example, Dell makes, has made, uses, sells, offers to sell, and/or imports the Dell SAS PM5-R Series SSD. The Dell SAS PM5-R Series SSD contains NAND flash memory, a flash translation layer, and circuitry and associated software that stores data in response to receiving an UNMAP command such that data is stored in response to said command indicating that certain data has been erased. The Dell SAS PM5-R Series SSD infringes at least Claim 1 of the '658 Patent.

55. An exemplary claim chart comparing Dell's infringing Dell SAS PM5-R Series SSDs to Claim 1 of the '658 Patent is attached as **Exhibit 7** and incorporated herein by reference. This is only a non-limiting example. Many of Dell's other SSD products that utilize the same or similar NAND flash memory, flash translation table, and circuitry and associated software that store data in response to receiving a command such as the UNMAP command such that data is stored in response to said command indicating that certain data is erased, also infringe at least claim 1 of the '658 Patent.

56. Dell has actual knowledge of the '658 Patent at least since the filing of this lawsuit.

57. As a result of Dell's infringement of the '658 Patent, UTL has suffered and is owed monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT II – INFRINGEMENT OF THE '406 PATENT

58. UTL incorporates herein the allegations made in paragraphs 1–57.

59. Dell has been and is now directly infringing the '406 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States products that are covered by at least Claim 15 of the '406 Patent.

60. Dell makes, has made, uses, sells, offers to sell, and/or imports Dell SSD products that include a request receiver module configured to receive information that data has been deleted, and a marking module to record that data can then be erased. These products infringe at least Claim 15 of the '406 Patent.

61. Many of Dell's SSD products—that utilize NAND flash memory, a flash translation layer that maps one or more logical block addresses ("LBAs") to physical addresses for certain data, and contains circuitry that is configured to receive an UNMAP command that indicates that data stored in the NAND flash memory at the locations specified by the LBAs indicated in an UNMAP command has been deleted and can be erased—infringe at least Claim 15 of the '406 Patent.

62. For example, Dell makes, has made, uses, sells, offers to sell, and/or imports the Dell SAS PM5-R Series SSD. The Dell SAS PM5-R Series SSD is an apparatus that utilizes NAND flash memory, a flash translation layer that maps one or more LBAs to physical addresses for certain data and contains circuitry that is configured to receive an UNMAP command. The Dell SAS PM5-R Series SSD then indicates and records that data stored in the NAND flash memory at the locations specified by the LBAs indicated in an UNMAP command has been deleted and can be erased. The Dell SAS PM5-R Series SSD infringes at least Claim 15 of the '406 Patent.

63. An exemplary claim chart comparing Dell's infringing Dell SAS PM5-R Series SSDs to Claim 15 of the '406 Patent is attached as **Exhibit 8** and incorporated herein by reference.

This is only a non-limiting example. Many of Dell's other SSD products that utilize the same or similar flash memory, flash translation layer, and circuitry configured to receive an UNMAP command also infringe at least Claim 15 of the '406 Patent.

64. Dell has actual knowledge of the '406 Patent at least since the filing of this lawsuit.

65. As a result of Dell's infringement of the '406 Patent, UTL has suffered and is owed monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT III – INFRINGEMENT OF THE '727 PATENT

66. UTL incorporates herein the allegations made in paragraphs 1–65.

67. Dell has been and is now directly infringing the '727 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States products that are covered by at least Claim 1 of the '727 Patent.

68. Dell makes, has made, uses, sells, offers to sell, and/or imports SSD products that include solid-state storage memory such as NAND flash memory along with a controller, a flash translation layer, and circuitry and associated software that assigns logical addresses to physical addresses used to store data on the solid-state storage memory and also removes those assignments in response to commands such as UNMAP from the operating system. These products infringe at least Claim 1 of the '727 Patent.

69. For example, Dell makes, has made, uses, sells, offers to sell, and/or imports the Dell SAS PM5-R Series SSDs. These SSDs include solid-state storage memory such as NAND flash memory along with a controller, a flash translation layer, and circuitry and associated software that assigns logical addresses to physical addresses used to store data on the solid-state storage memory and also removes those assignments in response to commands such as UNMAP from the operating system. These Dell SSD products infringe at least Claim 1 of the '727 Patent.

70. An exemplary claim chart comparing Dell's infringing Dell SAS PM5-R Series SSD to Claim 1 of the '727 Patent is attached as **Exhibit 9** and incorporated herein by reference. This is only a non-limiting example. Many of Dell's other SSD products that incorporate NAND flash memory with a controller, a flash translation layer, and circuitry and associated software that assigns logical addresses to physical addresses used to store data and also removes those assignments in response to certain commands also infringe at least Claim 1 of the '727 Patent.

71. Dell has actual knowledge of the '727 Patent at least since the filing of this lawsuit.

72. As a result of Dell's infringement of the '727 Patent, UTL has suffered and is owed monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## DEMAND FOR A JURY TRIAL

73. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, UTL demands a trial by jury on all issues triable of right by a jury.

## PRAYER FOR RELIEF

74. UTL respectfully requests that this Court enter judgment in its favor and grant the following relief:

> (i) Judgment that Dell has directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;
>
> (ii) Judgment and Order that Dell must pay UTL past and future damages under 35 U.S.C. § 284, including supplemental damages arising from any continuing post-verdict infringement for the time between trial and entry of the final judgment, together with an accounting, as needed, as provided under 35 U.S.C. § 284;

(iii) Judgment and Order that Dell must pay UTL reasonable ongoing royalties on a go-forward basis after final judgment;

(iv) Judgment and Order that Dell must pay UTL pre-judgment and post-judgment interest on the damages award;

(v)  Judgment and Order that Dell must pay UTL's costs; and

(vi) Such other and further relief as the Court may deem just and proper.

Dated: June 5, 2020                                            Respectfully submitted,

*/s/ Edward Nelson III*
**BARRY J. BUMGARDNER (PRO HAC TO FOLLOW)**
STATE BAR NO. 00793424
**EDWARD NELSON III**
STATE BAR NO. 00797142
**MATTHEW JUREN (PRO HAC TO FOLLOW)**
STATE BAR NO. 24065530
**ROBERT A. DELAFIELD II**
STATE BAR NO. 24065137
**NELSON BUMGARDNER ALBRITTON PC**
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
817.377.9111 (telephone)
903.758.7397 (facsimile)
barry@nbafirm.com
ed@nbafirm.com
matthew@nbafirm.com
bobby@nbafirm.com

**COUNSEL FOR PLAINTIFF
UNIFICATION TECHNOLOGIES LLC**